# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2452

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

Direct Number: (213) 243-2792
kcfowler@jonesday.com

April 22, 2021

VIA ECF
The Honorable Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re: *Manuel Alvarez, Sr. v. Experian Information Solutions, Inc.*,
          No. 2:19-cv-03343-JS-SIL (E.D.N.Y.)

Dear Judge Locke:

    Experian Information Solutions, Inc. ("Experian") submits this letter motion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c) pending resolution of Experian's motion to compel arbitration, pursuant to Judge Seybert's order of referral on April 20, 2021 (ECF No. 57).

    On March 24, 2021, during the deposition of Plaintiff's son, Experian discovered that Plaintiff signed up for a credit-monitoring membership with an Experian affiliate and, as part of the Terms of Use of that membership, Plaintiff entered into an agreement to arbitrate all pending claims against defendant Experian on an individual basis. (ECF No. 50.) Accordingly, on April 4, 2021, Experian moved to compel Plaintiff's claims to arbitration, on an individual basis, as required under the Terms of Use Agreement governing his Experian subscription service. (ECF No. 48.)

    Plaintiff requested a 60-day extension to take discovery and respond to the motion. Experian informed Plaintiff that it was agreeable to such an extension provided that Plaintiff agreed to stay all other discovery and proceedings pending the resolution of the motion to compel arbitration. Experian explained that it was willing to engage in discovery limited to the existence of a valid, enforceable agreement to arbitrate, but that merits and class-based discovery are not appropriate while its motion to compel arbitration is pending. Experian also expressed that it had no intention of depriving Plaintiff of the nationwide class-related data that the Court ordered Experian to produce by April 26, 2021. (ECF No. 52.) Experian files this letter motion because Mr. Alvarez refused that request. (ECF No. 49, at 5.)

### I. The Court Has Good Cause To Stay Discovery.

    Unbeknownst to Experian, beginning in July 2019—one month after he filed the instant lawsuit against Experian—and continuing through to the present day, Plaintiff has been enrolled in Experian CreditWorks℠—a credit monitoring product offered by Experian affiliate, ConsumerInfo.com, Inc. ("CIC"), which also does business as Experian Consumer Services ("ECS"). (ECF No. 50, ¶ 11.) The Terms of Use governing that service has an arbitration clause which provides that all disputes and claims that are subject to arbitration are to be resolved on an individual (non-class) basis. (ECF 51, ¶¶ 1-3.)

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

On October 25, 2019, Experian propounded written discovery seeking, among other things, Plaintiff's communications (and documents relating to communications) with Experian, copies of the consumer disclosures and consumer reports, or any other information that would have indicated to Experian that he had enrolled in credit monitoring services with Experian's affiliate. (ECF No. 50, ¶¶ 3-6.) In response, Plaintiff did not identify any interactions with Experian's affiliate through Experian.com. (ECF No. 50, ¶ 6.) He disclosed neither the credit monitoring product he signed up for, nor the credit report generated as a result of his visit to Experian.com. (ECF No. 50, ¶ 6.)

Despite having asked for such information, Experian only learned that Plaintiff signed up for credit monitoring services when taking the deposition of Plaintiff's son, Manny Alvarez, on March 24, 2021. (ECF No. 50, ¶ 9.) Upon learning of Plaintiff's Experian CreditWorks℠ membership, Experian immediately reached out to Plaintiff's counsel to inquire if they would stipulate to dismiss the current lawsuit so that the parties could appropriately proceed in arbitration. (ECF No. 49, at 5.) Plaintiff declined Experian's request, and Experian filed a motion to compel arbitration. (ECF No. 48.)

It is "the general practice of district courts" to issue "a stay of discovery . . . while the motion to compel arbitration was pending before the Court." *Intertec Contracting A/S v. Turner Steiner Int'l, S.A.*, No. 98 CIV. 9116 (CSH), 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001); *Ross v. Bank of Am., N.A.*, No. 05 CIV. 7116 (WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006). *See also Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 3:16-CV-01607-VAB, 2017 WL 11577923, at *1 (D. Conn. July 24, 2017). Under Federal Rule 26(c), the Court "has the discretion to stay discovery for good cause." *Josie-Delerme*, 2009 WL 497609 at *1. A party demonstrates "good cause" when it files a dispositive motion, such as a motion to compel arbitration. *Id; Dome Tech., LLC*, 2017 WL 11577923, at *1. Here, the recent revelation of Plaintiff's agreement to arbitrate all of its claims against Experian would dispose of all claims presently before the Court. *See Josie-Delerme*, 2009 WL 497609, at *2 (granting motion to stay discovery pending decision of motion to dismiss and compel arbitration).

### II. Experian Would Be Prejudiced If Discovery Is Not Stayed.

Absent a stay, Experian will be forced to continue to engage in costly and burdensome discovery related to Plaintiff's individual and class claims in this forum in contravention of the parties' written agreement, which provides that this dispute must be resolved in arbitration on a non-class basis. Because the existence of the arbitration agreement with Experian's affiliate was only recently disclosed (despite Experian's earlier discovery specifically designed to get at that issue), the parties have already wasted considerable resources on likely unnecessary and costly class-related discovery.

A stay is warranted because, "unless discovery is stayed, [Experian] will 'forever lose the advantages of arbitration—speed and economy.'" *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (staying discovery pending the resolution of defendant's motion to compel arbitration). Courts regularly stay discovery where a motion to compel arbitration is pending because the very "purpose of arbitration is to provide a less expensive method of resolving disputes quickly." *Schacht v. Hartford Fire Ins. Co.*, No. 91 C 2228, 1991 WL 247644, at *4 (N.D. Ill. Nov. 6, 1991). Especially as the terms of any further class-related discovery are disputed, a stay of discovery on any issues unrelated to the existence of the arbitration

agreement is necessary to respect the arbitration agreement between parties.

### III. A Stay of Discovery Would Not Prejudice Plaintiffs.

Plaintiff will not suffer any hardship or prejudice from having to wait to pursue further discovery until the Court rules on the pending motion for at least four reasons:

*First,* there are no deadlines currently ordered in this case: No deadline by which to complete individual or class discovery; no deadline by which to file a motion for class certification; no deadline by which to file dispositive motions; and no trial date. (ECF No. 40.) Indeed, there is no deadline by which Plaintiff must prepare his case for class certification or obtain the necessary information in support of a dispositive motion such that granting a stay would impede the preparation of his case.

*Second*, Experian has already agreed that notwithstanding any stay this Court may order, it will produce the class-based discovery ordered to be produced by April 26, 2021. There is neither any outstanding written discovery to either party, nor any scheduled depositions.

*Third,* Experian will participate in the discovery related to arbitration that Plaintiff seeks while its motion to compel is pending (ECF No. 57), and as such, there is no prejudice to Plaintiff in his ability to respond to Experian's motion to compel.

*Fourth*, in the event that the Court denies Experian's motion to compel arbitration, Experian will stipulate to a new schedule to allow the parties to take the discovery they need to prepare this case for dispositive motions, class certification, and trial.

For the foregoing reasons, Experian requests that this Court stay discovery and all other proceedings unrelated to the Experian's Motion to Compel Arbitration pending the outcome of that Motion.

Best regards,

*/s/ Kerry Fowler*

Kerry Fowler