FILED
CLERK
6/7/2021 6:04 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MANUEL ALVAREZ, SR., on behalf of himself
and others similarly situated,

                Plaintiff,                      **ORDER**

                                                                       Civ. No. 2:19-cv-03343-(JS)(JMW)

       -against-

EXPERIAN INFORMATION SOLUTIONS, INC.,

                Defendant.
-------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      Plaintiff commenced this consumer class action alleging that Defendant Experian Information Solutions, Inc., violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA") and New York Fair Credit Reporting Act ("NYFCRA"), NY Gen Bus. Law §§ 380 *et seq*. by improperly associating customers with terrorists, narcotics traffickers, money launderers, arms dealers, and other criminals.  Plaintiff claims that Defendant provided a consumer credit report to a loan lender that inaccurately identified him as a person listed on the U.S. Treasury Department's Office of Foreign Assets Control List (OFAC).  Plaintiff further claims that this error delayed approval of his mortgage application, resulting in out-of-pocket costs including additional rent payments, and other damages including harm to reputation and emotional distress.  Since the action was commenced, the parties have engaged in limited discovery related to the merits of the case and class certification.

      On March 30, 2021, Plaintiff moved to compel nationwide class data from Defendant (DE 45).  On April 4, 2021, Defendant moved to compel arbitration (DE 48-51).  On April 5, 2021, the

1

Court granted Plaintiff's motion to compel and ordered Defendant to provide responsive class data information on or before April 26, 2021 (DE 52). On April 20, 2021, the Court denied Defendant's motion to compel arbitration without prejudice to allow for discovery related to arbitration, with a deadline to complete such discovery by June 19, 2021 (*see* DE 4/20/2021). The return date for Defendant's renewed motion to compel arbitration is August 3, 2021 (*id.*). Defendant subsequently filed the instant motion for a stay of discovery pending the motion to compel arbitration, the latter motion of which is before the Hon. Joanna Seybert (DE 58).

Defendant moves to stay all merits and class-based discovery, except for arbitration-related discovery that Plaintiff seeks while its motion to compel is pending and as ordered previously by Judge Seybert (DE 4/20/2021). Defendant also represented, and Plaintiff agreed at oral argument, that it has provided the specific class-based discovery this Court ordered to be produced by April 26, 2021.[1] Defendant has not argued it would suffer any prejudice in doing so. Plaintiff, Manuel Albarez, Sr., opposes the motion for a stay, and requests the Court to compel all discovery related to class-certification to be complete by July 5, 2021 (DE 60). Plaintiff anticipates needing to take at least one deposition regarding the court-ordered, class-based discovery, and continues to work to identify other class individuals and third parties (DE 60).

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Ahmad v. Day*, 20-CV-4507, (AT) (GWG) 2021 U.S. Dist. LEXIS 32401, at *1 (S.D.N.Y. Feb. 22, 2021) (internal quotations and citations omitted). The three factors courts use to decide whether good cause has been shown pending a dispositive motion are: *first,* whether the defendant has made a strong showing that the plaintiff's claim is

---

[1] Although Plaintiff agrees production was made, there appears to be at this time some disagreement as to Defendant's "confidential" designations of that

2

unmeritorious, *second,* the breadth of discovery and the burden of responding to it, and *third,* the risk of unfair prejudice to the party opposing the stay. *Josie-Delerme v. American General Finacne Corp.*, 08-CV-3166 (NG) (MDG) 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009).

Courts differentiate between applications for a stay of discovery made in connection with motions to compel arbitration and motions to dismiss. That is, in cases where a stay is sought pending a motion to compel arbitration, the courts in this Circuit have stayed without even considering the three-factor test. *See Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *2; *see also Intertec Contracting Turner Steiner Intern., S.A.*, 98-CV-9116 (CSH) 2001 WL 812224, at *7 (S.D.N.Y. Jul. 18, 2001) (noting general practice of district courts to stay discovery while a motion to compel arbitration is pending). "In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess the particular circumstances and posture of each case." *Mohammed Thani A.T. Al Thani v. Hanke*, 20-CV-4765 (JPC) 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (internal quotations and citations omitted). A stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it. *See Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *3.

Here, the circumstances warrant a stay pending the motion to compel. In addition, a consideration of the three factors weighs in favor of a stay of merits and class-based discovery at this time. *First,* although Plaintiff intends to oppose the motion to compel arbitration in part based on a litigation conduct waiver (DE 53), Plaintiff's emphasis is on the prejudicial effect of the timing of Defendant's motion rather than the merits. It is noted that Defendant's motion to compel arbitration is not before the undersigned, and without prejudging the merits of the motion to compel, Defendant appears to have a good faith basis for moving to compel arbitration. A stay is warranted where a defendant's motion "appears not to be unfounded in the law." *Gandler v.*

*Nazarov*, 94-CV-2272 (CSH) 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994). At this juncture, the first factor weighs in favor of Defendant.

As for the *second* factor, continuing discovery, other than the limited and specific discovery this Court previously ordered, would be a potential waste of resources for all parties and the judicial system. There is no prejudice to Defendant in producing discovery that was already court-ordered, especially since Defendant expressly agreed to provide same even if a stay is granted (DE 58). Plaintiff did not provide much detail as to exactly what merit and class-based discovery he is seeking, aside from *anticipating* at least one deposition and continuing to work to identify other class individuals and third parties (DE 60). Resolution on the motion to compel will potentially eliminate the need for any onerous discovery.

*Third,* Defendant's motion does not seek relief to stay the class-based discovery that this Court previously ordered to be produced by April 26, 2021 (DE 52), or the arbitration-related discovery, which this Court ordered to be completed by June 19, 2021 (DE 4/20/2021). Plaintiff has not established that a stay of the remaining merit and class-based discovery, which was not clearly specified, would unduly delay the outcome of this case. Indeed, counsel for Plaintiff estimates remaining discovery could be complete in only 60 days, so that can await the ruling on the pending motion to compel.

Accordingly, the pending motion for a stay of discovery (DE 58) is granted, except for the limited class-certification discovery that this Court previously ordered to be complete and Defendant agreed to complete by April 26, 2021 (to the extent not already completed), and the arbitration-related discovery that Judge Seybert ordered to be complete by June 19, 2021. This stay will expire upon the Court's resolution of the motion to compel arbitration and, if that motion is denied, the Court will schedule an immediate conference to finalize a schedule for any remaining merits and class-certification discovery.

Dated: Central Islip, New York
       June 7, 2021

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge